IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RHONDA CLIFFORD, | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | |
| LIFE CORPORATION and VOICE BROADCASTING INC. | § § § § | **Jury Trial Demanded** |
| Defendants. | § § § | |

# COMPLAINT

RHONDA CLIFFORD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LIFE CORPORATION ("Life Corp." and VOICE BROADCASTING INC. ("VBI") ("Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*., and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Conroe, Texas 77304.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant Life Corp. is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1527 South Copper Street, Arlington, Texas 76110.

9. Life Corp. is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant VBI is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1527 South Copper Street, Arlington, Texas 76110.

11. VBI is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. At all times relevant hereto, Defendants acted in concert.

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, Plaintiff, Rhonda Clifford maintained a cell phone, the number for which was (281) XXX-5106.

15. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on April 27, 2005.

16. Ms. Clifford registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

17. At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

18. Defendants are advertisement agencies that operate from a single office that solicit business through telemarketing and text message ads.

19. Defendants engage in telemarketing in order to solicit donations for, *inter alia*, political campaigns.

20. At all times relevant hereto, Defendants also owned and operated websites including "pollusa.org."

21. Between April 2020 through at least November of 2020, Defendant sent a series of solicitation text messages to Plaintiff in order to direct Plaintiff to various political campaign contribution websites through links associated with "pollusa.org."

22. Defendants' text messages to Plaintiff contained generic, pre-scripted text messages, which were clearly sent out *en masse*.

23. The text messages were certainly not directed to Plaintiff as an individual, but rather as part of a "message blast" to a large number of prospective donors.

24. Each text message at issue contained a sales pitch.

25. Clifford did not consent to those text messages from Defendant.

26. Defendants' text messages were not made for "emergency purposes."

27. In total, Defendants placed at least 24 text messages to Plaintiff, at dates/times including the following:

| Date/Time: | Caller ID: |
| --- | --- |
| April 16, 2020 1:21 pm Central | (281) 909-3551 |
| May 5, 2020 2:22 pm Central | (281) 688-5723 |
| May 9, 2020 1:16 pm Central | (281) 688-5488 |
| May 15, 2020 2:59 pm Central | (281) 595-9784 |
| May 16, 2020 12:54 pm Central | (281) 688-4410 |
| May 19, 2020 2:49 pm Central | (281) 612-6044 |
| May 19, 2020 4:30 pm Central | (281) 595-9520 |
| May 21, 2020 2:06 pm Central | (281) 688-5670 |
| May 22, 2020 1:28 pm Central | (281) 595-9824 |
| May 25, 2020 12:04 pm Central | (281) 909-3456 |
| May 26, 2020 4:29 pm Central | (281) 502-5385 |
| May 28, 2020 12:41 pm Central | (281) 595-9997 |
| May 28, 2020 4:36 pm Central | (281) 767-8718 |
| May 29, 2020 1:25 pm Central | (610) 756-2430 |
| June 1, 2020 1:35 pm Central | (281) 688-5645 |
| June 6, 2020 1:58 pm Central | (281) 326-9339 |
| June 8, 2020 1:23 pm Central | (281) 801-1896 |
| June 8, 2020 2:40 pm Central | (281) 767-9180 |
| June 8, 2020 3:33 pm Central | (281) 720-3626 |
| June 13, 2020 11:37 am Central | (281) 916-3498 |
| June 15, 2020 4:02 pm Central | (281) 688-5963 |
| June 16, 2020 3:58 pm Central | (281) 929-9728 |
| November 8, 2020 6:56 pm Central | (281) 595-9520 |
| November 8, 2020 6:59 pm Central | (281) 767-9180 |

28. Upon information and belief, Plaintiff received additional messages from Defendantd not included in the above-list.

29. Each of the messages sent by Defendants to Clifford contained pre-scripted messages with a link to a campaign contribution website associated with "pollusa.org."

30. Following the receipt of the many of the uninvited and intrusive text messages, Plaintiff tried to put an end to the texts by sending a response of "Stop" to Defendants.

31. Although these "Stop" messages were followed up with a confirmation of being removed from Defendant's contact list, Plaintiff continued to get similar messages from other telephone numbers, all of which contained links sponsored by "PollUSA."

32. As a result of the persistence of the unwanted messages, Ms. Clifford tried to ascertain who was responsible for sending these unsolicited messages. Plaintiff followed the links identified as "pollusa.org" in the text messages.

33. After Plaintiff clicked the "pollusa.org" links contained in the text messages, her browser was redirected to various political fundraising websites where donations were requested.

34. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendantd.

35. The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

38. Defendants initiated numerous text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

39. Specifically, Defendants utilize a dialing system which uses a random or sequential number generator to store telephone numbers.

40. Defendants utilize a dialing system which uses a random or sequential number generator to select the sequence of calls/text messages to be sent/made.

41. Defendants' texts were not made for "emergency purposes."

42. Defendants' texts to Plaintiff's cellular telephone were made without any prior express consent.

43. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry and despite the fact that Plaintiff repeatedly told Defendants to stops their telephone solicitations.

44. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

49. The text messages were seeking to raise funds, and not simply to communicate political information.

50. Each offending text message contained a "sales pitch."

51. Defendants transmitted multiple text messages to Plaintiff's telephone number despite the fact that Plaintiff has been on the Do Not Call Registry since April 27, 2005.

52. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

53. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

54. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERCIAL CODE**

55. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

56. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

57. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

58. Plaintiff received all texts from Defendants in Texas and is entitled to other relief under Texas law.

59. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

60. Defendants violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

61. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, RHONDA CLIFFORD, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    e.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RHONDA CLIFFORD, demands a jury trial in this case.

Respectfully submitted,

Dated:  September 10, 2021    By: */s/ Jacob U. Ginsburg*
    Jacob U. Ginsburg, Esq.
    SDTX Attorney ID No. 3568914
    Kimmel & Silverman, P.C.
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: 215-540-8888 ext. 104
    Facsimile: (877) 788-2864
    Email: jginsburg@creditlaw.com
    teamkimmel@creditlaw.com