**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **RHONDA CLIFFORD,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 4:21-cv-03000** |
| | § | |
| **v.** | § | |
| | § | |
| **LIFE CORPORATION and VOICE** | § | |
| **BROADCASTING INC.** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS LIFE CORPORATION AND VOICE BROADCASTING INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants Life Corporation and Voice Broadcasting Inc. (collectively "Defendants") file this motion to dismiss Plaintiff Rhonda Clifford's ("Plaintiff") Complaint ("Plaintiff's Complaint") for failure to state a claim. Supreme Court precedent forecloses Plaintiff's claim under 47 USC § 227(b) of the Telephone Consumer Protection Act ("TCPA") because Plaintiff has not alleged that an "automatic telephone dialing system" was used. Plaintiff's claim under § 227(c) also must be dismissed because political fundraising messages are not subject to the national do not call requirements. Finally, Plaintiff fails to state a claim under Chapter 302 of the Texas Business and Commerce Code. Defendants respectfully request that the court dismiss Plaintiff's claims.

## I.    RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint is based on the alleged receipt of political fundraising text messages in 2020. She claims that the messages were directed to her as a "prospective donor[]." Complaint ("Compl.") ¶ 23. Plaintiff alleges that she registered her cell phone number for the "Federal Do Not Call Registry" in 2005. Compl. ¶ 15. She claims that in April, May, June, and November 2020 she received "at least 24 text messages." Compl. ¶ 27.

Plaintiff alleges that the messages Defendants sent to her each included "a link to a campaign contribution website associated with 'pollusa.org.'" Compl. ¶ 29. Based upon these allegations, Plaintiff filed her Complaint against Defendants alleging claims under 47 USCA §§ 227(b) and 227(c) of the TCPA and Chapter 302 of the Texas Business and Commerce Code.

## II.   <u>ARGUMENT & AUTHORITIES</u>

### A.   Legal Standard

Dismissal is proper when, as here, a complaint fails to allege facts sufficient to state a claim that is plausible on its face in light of existing law. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc*., 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679, (quoting Fed. R. Civ. P. 8(a)(2)).

"[T]he court need not accept as true legal conclusions couched as factual allegations, and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Hernandez v. Gonzalez*, No. CV H-19-4528, 2020 WL 1672523, at *1 (S.D. Tex. Apr. 3, 2020) (citing *Iqbal*, 556 U.S. at 678). "Neither a 'formulaic recitation of the

elements of a cause of action' nor 'naked assertions [of fact] devoid of further factual enhancement' is sufficient to withstand dismissal. *Id.* (citing *Iqbal*, 556 U.S. at 678). Where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted. *Twombly*, 550 U.S. at 558 (2007). Ultimately, where the plaintiff's claims have not been "nudged . . . across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570.

**B.** **Supreme Court precedent forecloses Plaintiff's claims under the TCPA.**

"The TCPA makes it unlawful 'to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a... cellular telephone service.'" *Thompson v. Wells Fargo Bank, N.A.*, No. CV H-15-598, 2016 WL 164114, at *4 (S.D. Tex. Jan. 14, 2016) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). The TCPA has been interpreted to apply to text messages as well as phone calls. *See Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2021 WL 5040228, at *3 (N.D. Tex. Oct. 29, 2021). The Supreme Court has recently clarified that a TCPA claim does ***not*** exist "whenever someone receives an unwanted call from an automated system; liability is triggered ***only*** if the automated system 'us[es] a random or sequential number generator' to store or produce the phone numbers that are called." *Libby v. Nat'l Republican Senatorial Comm.*, No. 5:21-CV-197-DAE, 2021 WL 4025798, at *3 (W.D. Tex. July 27, 2021) (quoting *Facebook, Inc. v. Duguid*, ⸺ U.S. ⸺, 141 S. Ct. 1163, 1171, 209 L.Ed.2d 272 (2021) (emphasis added)). "To satisfy this element, courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the

random nature of the automation device." *Norman v. Sito Mobile Sols.*, Civ. A. No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017).

Post-*Duguid* courts have barred TCPA claims where the plaintiff sets forth only conclusory allegations that a random or sequential number generator was used. "Chief Judge Lynn has held that '[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim.'" *Hunsinger*, No. 3:21-CV-1598-D, 2021 WL 5040228, at *3 (N.D. Tex. Oct. 29, 2021) (quoting *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017)); *Stewart v. Network Cap. Funding Corp.*, No. CV 21-368-MWF (MAAx), 2021 WL 3088011, at *2 (C.D. Cal. July 16, 2021) ("The FAC includes no facts to plausibly establish that NCFC used an ATDS. Plaintiff did not allege indicia of ATDS use by, for example, showing the identical, repetitive, or impersonal nature of the calls."). Courts have considered various factors in determining whether there is an "indicia of ATDS use." *Stewart*, 2021 WL 3088011, at *2; *see Deleo v. National Republican Senatorial Committee*, No. 221-CV-03807-BRMESK, 2021 WL 5083831, at *7 (D.N.J. Nov. 1, 2021). Some of these factors include a short code sending number, an inability to interact with the messages, the messages came from a non-working number, or contain a reply feature that generates an automated response. *Id.* (citations omitted).

Here, Plaintiff's allegations are insufficient to allege that an ATDS was used. Plaintiff's only specific allegations on the issue simply state that an ATDS was used, without alleging any facts that support that conclusion. Compl. ¶ 38. Plaintiff further alleges that Defendants "initiated numerous text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system." Compl. ¶ 38. Plaintiff claims that "Defendants utilize a dialing system which uses a random or sequential number generator to store telephone numbers." *Id.* ¶ 39. This kind of

allegation, which amounts to nothing more than a regurgitation of the statutory language, is insufficient to state a claim under the ATDS provisions of the TCPA. *See Hunsinger*, No. 3:21-CV-1598-D, 2021 WL 5040228, at *3 (N.D. Tex. Oct. 29, 2021).

The only specific allegations that Plaintiff might point to regarding how the alleged texts were sent actually point to the opposite conclusion, indicating that an ATDS was not used. Rather, the alleged texts were sent to a specific list of individuals identified as potential campaign donors. Plaintiff alleges that the text messages sent to her were sent "as part of a 'message blast' to a large number of prospective donors." Compl. ¶ 23. Additionally, Plaintiff specifically pleads that these messages came from a long code number, not a short code sending number. Compl. ¶ 27. Moreover, the log of the actual message sent to Plaintiff (which are incorporated by reference into Plaintiff's Complaint and can be considered by the Court), demonstrate that the messages were specifically tailored and directed to her. *See* Exhibit A, attached to the Declaration of Amber Valdez. As is noted in the reproduced chart below, the first seven messages Plaintiff received were all specifically addressed to Plaintiff by her first name "Rhonda."

| Date/Time: | Longcode: | Message: |
|---|---|---|
| 4/16/2020  1:17:28 PM | 2819093551 | Rhonda, we won.  I'm officially the Rep. nominee taking on radical Dem Maxine Waters in the Nov. election. URGENT: help me mark this huge victory > https://pollusa.org/r.wr?id=FzLLdS56 |
| 4/21/2020  2:06:42 PM | 2816885670 | Rhonda, if you're in a position to give, will you please chip in $5 to Team Graham before our midnight deadline? Watch the msg: https://pollusa.org/r.wr?id=7bxU8mMk |
| 4/30/2020  2:10:13 PM | 2815959702 | Rhonda, don't recognize the number? It's Rep. Jim Jordan, & I need your help.  I need 37 more endorsers in the next 12hrs. Pls add your name > https://pollusa.org/r.wr?id=0GFtcJ9v\n\n \n |

| 4/30/2020 6:54:40 PM | 3133675928 | Rhonda, I haven't heard back from you & I'm down to just 12 hrs.  If you're in a position to give, will you pls chip in $5 to my campaign? Watch the msg: https://teamgraham.us/04150sbe\n\n\n |
| 5/1/2020 5:45:20 PM | 2816885976 | Rhonda, Team Graham was outraised by nearly $2mil and our campaign needs your help.  Pls watch Senator Grahams deadline msg here: https://teamgraham.us/envzrktw\n\n\n\n\n |
| 5/5/2020 1:51:51 PM | 2816885723 | Rhonda, it's Rep. Jim Jordan.  Did you get my last msg? We need a minimum of 19 endorsers by 11:59PM. Please help out > https://pollusa.org/r.wr?id=JUVMcI4P\n\n\n |
| 5/8/2020 1:22:42 PM | 2816670067 | Rhonda, don't recognize the number? It's Rep. Jim Jordan, & I need your help.  I need 37 more endorsers in the next 12hrs. Pls add your name > https://pollusa.org/r.wr?id=7iurfLlC\n\n\n\n |

As courts have recognized, "[t]he targeted nature of the underlying texts contradicts the notion that Plaintiff's telephone number could have been produced through a random or sequential number generator."  *Gross v. GG Homes Inc.*, No. 321-CV-00271-DMSBGS, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021) (noting that the "text messages at issue are addressed directly to Plaintiff, by name[]").  The first several of Defendants' text messages were individualized, and, accordingly, Plaintiff's conclusory allegations are insufficient to state a claim under TCPA, 47 U.S.C. § 227(b).  *See id.*  ("Because this contradiction renders implausible the allegation that Defendant sent the texts using an ATDS, the FAC is subject to dismissal.").

Plaintiff has not alleged any well-pled allegations from which the Court can conclude that an ATDS was used.  Rather, Plaintiff's own allegations demonstrate that the alleged texts were sent to her to solicit campaign contributions for republican campaigns.  The notion that the texts

would be sent out in a random or sequential manner (e.g., not based on a list) is simply implausible in light of the allegations.  The Court should dismiss Count I of Plaintiff's Complaint.

### C.     Plaintiff Cannot State a Claim Under 47 U.S.C. § 227(c) for the Texts She Received.

"To state a claim under this subsection, a plaintiff must allege the receipt of multiple calls within a twelve-month period, made 'by or on behalf of the same entity,' on a phone registered on the Do Not Call List." *Libby v. Nat'l Republican Senatorial Comm.*, No. 5:21-CV-197-DAE, 2021 WL 4025798, at *4 (W.D. Tex. July 27, 2021).  "The national do-not-call registry's restrictions apply only to telemarketing calls made by or on behalf of sellers of goods or services, and ***not to charitable or political fundraising calls***."  *Mainstream Mktg. Services, Inc. v. F.T.C.*, 358 F.3d 1228, 1234 (10th Cir. 2004) (emphasis added).  Political calls are specifically exempted from the Do Not Call Registry.   The Do Not Call Registry, Federal Trade Commission, https://www.ftc.gov/news-events/media-resources/do-not-call-registry (last visited November 11, 2021) ("There are some exemptions to the Do Not Call rules.  Because of the limits to FTC's authority, the Registry does not apply to political calls or calls from non-profits and charities (but the Registry does cover telemarketers calling on behalf of charities).").

Plaintiff pleads herself out of her claim.  Plaintiff's Complaint is based on requests for campaign contributions.  Specifically, Plaintiff alleges that "[b]etween April 2020 through at least November of 2020, Defendant sent a series of solicitation text messages to Plaintiff in order to direct Plaintiff to various political campaign contribution websites through links associated with 'pollusa.org.'"  Compl. ¶ 21.  She also pleads that the messages she received were messages that included "a link to a  campaign contribution website" and further that when she clicked on the "links contained in the text messages, her browser was redirected to various political fundraising websites where donations were requested."  Compl. ¶¶ 29, 33.  That is confirmed by the log of the

7

messages themselves, which make clear that the texts were sent for political fundraising purposes. *See* Ex. A.

Given that Plaintiff clearly alleges that the texts at issue were for political fundraising, a fact that is confirmed by the message themselves and admitted by Plaintiff (Compl. ¶ 49), the Court must dismiss Count II.  *See, e.g.*, *Camunas v. Nat'l Republican Senatorial Comm.*, No. CV 21-1005, 2021 WL 5143321, at *10 (E.D. Pa. Nov. 4, 2021) (dismissing DNC claims for political fundraising communications); *see also Libby*, 2021 WL 4025798, at *4 ("However, political organizations are exempt from the Do Not Call Registry.").

### D.      Plaintiff's Complaint Fails to State a Claim Under § 302.101 of the Texas Business & Commerce Code Because Defendants Are Not Sellers.

Plaintiff's attempt to allege a claim under § 302.101 of the Texas Business & Commerce Code is defective.  Rather than referring to the applicable definitions of Chapter 302, Plaintiff refers to definitions in Chapter 301 of the Texas Business & Commerce Code.  The "consumer" and "telephone solicitor" definitions of Chapter 301 are irrelevant to Plaintiff's claim under § 302.101.  Accordingly, Plaintiff does not allege facts sufficient to state a claim under § 302.101.

Regardless, Plaintiff's claim would still fail.  Under § 302.001, a "telephone solicitation" is defined as a "***telephone call*** a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item."  Tex. Bus. & Comm. Code.  § 302.001(7) (emphasis added).  First, Plaintiff makes no allegation regarding any telephone call, only text messages.  Second, even if text messages were actionable under § 302.101, Plaintiff alleges that the text messages at issue "were seeking to raise funds, and not simply to communicate political information."  Compl. ¶ 49. Plaintiff's own allegations establish that the point of the text messages she received was to "raise funds," which is not the type of communication that is actionable under § 302.101.  Accordingly, Plaintiff's Count III should be dismissed.

### III.  <u>CONCLUSION</u>

Plaintiff fails to plead a claim for relief under the TCPA because Plaintiff fails to adequately satisfy the pleading requirements outlined in *Duguid* and the messages are political in nature.  Likewise, Plaintiff fails to adequately plead that there was a telephone solicitation to state a claim under the Texas Business and Commerce Code.  For the reasons set out above, Defendants respectfully request that the Court dismiss Plaintiff's claims.


Dated: November 19, 2021                    Respectfully submitted,

                                            /s/ *Ezra D. Church*
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            Ezra Dodd Church
                                            Attorney-in-Charge
                                            To apply for admission pro hac vice
                                            ezra.church@morganlewis.com
                                            1701 Market Street
                                            Philadelphia, Pennsylvania 19103-2921
                                            (215) 963-5710 (telephone)
                                            (215) 963-5001 (facsimile)

                                            OF COUNSEL:
                                            Jared Wilkerson
                                            jared.wilkerson@morganlewis.com
                                            Heidi Rasmussen
                                            heidi.rasmussen@morganlewis.com
                                            1000 Louisiana Street,
                                            Suite 4000
                                            Houston, Texas 77002-5005
                                            (713) 890-5460 (telephone)
                                            (713) 890-5001 (facsimile)

                                            *Attorneys for Life Corporation and Voice Broadcasting Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was filed electronically on November 19, 2021.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties entitled to notice by electronic notification and a copy will be emailed to all counsel of record.

*/s/  Ezra D. Church*
Ezra D. Church
