IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RHONDA CLIFFORD,** § § § | |
| Plaintiff, § | Civil Action No. 4:21-cv-03000 |
| § § | |
| v. § § | |
| **LIFE CORPORATION and VOICE BROADCASTING INC.** § § § | |
| § | |
| Defendants. § § | |

## DEFENDANTS LIFE CORPORATION AND VOICE BROADCASTING INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Life Corporation and Voice Broadcasting Inc. (collectively "Defendants") file this reply in support of their motion to dismiss Plaintiff Rhonda Clifford's ("Plaintiff") Complaint ("Plaintiff's Complaint") for failure to state a claim. Plaintiff's response (ECF 16) makes plain that Plaintiff's claims should be dismissed in their entirety. First, Plaintiff fails to respond to Defendants' arguments regarding the ATDS issue (Count I) and has stated to Defendants that Plaintiff does not intend to pursue this claim. As described below, Plaintiff's two remaining claims for alleged do-not-call violations (Count II) and failure to register under the "telephone solicitation" requirement of the Texas Business & Commercial Code (Count III) also lack merit and should be dismissed.

  **A. The Log Shows that Defendants Opted Plaintiff Out and There Is No Do-Not-Call Violation.**

Hoping to salvage a claim under the do-not-call restrictions of the TCPA (Count II), Plaintiff argues that her claim under 47 USC § 227(c) should not be dismissed based on a false claim that the log attached to Defendant's Motion (Exhibit A) ("Message Log") and incorporated into the Complaint shows that she received text messages after she texted "Stop." ECF 16 at 6.

The Message Log makes plain that no violation of the TCPA occurred.  Defendants did not send a single message to Plaintiff after she first texted "Stop" to Defendants on June 17, 2020.  This is illustrated by the fact that each message on the log after that June 17, 2020 message is marked as "Inbound" indicating that these messages were *sent by Plaintiff*, not Defendants.  Apparently, Plaintiff sent dozens of communications to Defendants and clicked on links from prior messages numerous times after sending the first "Stop" message.  But the Message Log unequivocally illustrates that no outbound messages were sent to Plaintiff after her request to "Stop" was recorded.  Notably, Plaintiff does not contend that the Message Log is not properly considered by the Court as incorporated into Plaintiff's Complaint or that it is somehow incomplete or erroneous.  Thus, Plaintiff has not alleged any do-not-call claim under § 227(c) of the TCPA, and Count II must be dismissed.

    **B.**  **Regardless, the Political Messages Here Are Exempt from the TCPA's Do-Not-Call Restrictions.**

Although the Message Log completely disposes of Plaintiff's Count II claim, Plaintiff's claim must also fail because the text messages at issue were political messages, exempt from the do-not-call requirements of the TCPA.  Plaintiff misinterprets the law, seemingly acknowledging that the exemption for political calls exists (ECF 16 at 4-6), but arguing that the exemption is somehow an affirmative defense and suggesting that discovery is needed because nonprofit status is supposedly required to claim the exemption.  Plaintiff cites no case that supports these propositions.  As Defendants previously noted (Motion at 7), the Do Not Call Registry "does not apply to political calls . . . ."  Do Not Call Registry, Federal Trade Commission, https://www.ftc.gov/news-events/media-resources/do-not-call-registry (last visited December 22, 2021).  Plaintiff's remaining TCPA claim should be dismissed.

C. **Plaintiff Cites Inapposite Case Law in Support of Her Texas Business & Commerce Code Claim (Count III).**

Plaintiff also fails to state any claim under the Texas Business & Commerce Code. Plaintiff's Complaint alleged that Defendants violated Section 302.101 by failing to register as a telephone "seller." As noted in Defendants' Motion, Plaintiff sought to import definitions from Chapter 301 in attempting to plead a claim for lack of registration under Chapter 302.

Despite the confusion in Plaintiff's Complaint, Defendants argued that Count III should be dismissed because the registration requirement applies on its face to any "telephone call," not the text messages at issue. *See* Motion at 8. In response, Plaintiff cites to *Shields v. Dick* in support of the notion that the registration requirement should apply to text messages. ECF 16 at 8. *Shields* does not support Plaintiff's claim. *Shields* simply held that "**Section 305.053** of the Texas Business and Commerce Code creates a private cause of action under state law for violations of the TCPA. . . . If no violation of the TCPA exists, there is no violation of Section 305.053." No. 3:20-CV-00018, 2020 WL 5522991, at *3 (S.D. Tex. July 9, 2020) (emphasis added). In other words, it did ***not*** hold that text messages are directly actionable under Chapter 305, and certainly did not address the registration requirements of Chapter 302—under which Plaintiff has sued here.

In response to Defendant's argument that the text messages are not "telephone solicitations" under Section 302.101 because they were not initiated "to induce a person to ***purchase, rent, claim or receive an item***," Plaintiff argues only that the law should be interpreted liberally to included political fundraising messages (ECF 16 at 9)—but provides no other basis for a dramatic expansion beyond the plain language of the law. Plaintiff's claim under Count III should be dismissed.

3

### D. Plaintiff Provides No Basis to Support Her Request for Leave to Replead

Plaintiff requests leave to replead but provides no basis on the facts of this case that would support her request. Plaintiff has already acknowledged that her claim under 47 USC § 227(b) of the TCPA fails. As described above, Plaintiff likewise has no basis of recovery under 47 USC § 227(c). And, even if the Court were to consider any of the jumble of provisions from the Texas Business & Commerce Code Plaintiff confusingly points to, Plaintiff has provided no facts that would allow her to recover under any chapter. In short, no circumstances exist that would support any of Plaintiff's claims. Her claims under all counts must be dismissed with prejudice.

Dated: December 24, 2021

Respectfully submitted,

/s/ *Jared Wilkerson*
MORGAN, LEWIS & BOCKIUS LLP
Ezra Dodd Church
PA Bar No. 206072
Attorney-in-Charge (Admitted *pro hac vice*)
ezra.church@morganlewis.com
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5710 (telephone)
(215) 963-5001 (facsimile)

OF COUNSEL:
Jared Wilkerson
Texas State Bar No. 24084096
S.D. Tex ID No. 2117319
jared.wilkerson@morganlewis.com
Heidi Rasmussen
Texas State Bar No. 24090345
S.D. Tex ID No. 3027157
heidi.rasmussen@morganlewis.com
1000 Louisiana Street,
Suite 4000
Houston, Texas 77002-5005
(713) 890-5460 (telephone)
(713) 890-5001 (facsimile)

*Attorneys for Life Corporation and Voice Broadcasting Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was filed electronically on December 24, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties entitled to notice by electronic notification.

*/s/ Jared Wilkerson*
Jared Wilkerson
